Opinion by
Ervin, J.,
In this unemployment compensation case, benefits were denied to the claimant, Mary Jane Dale, by the bureau, referee and board, for the reason that she left her employment voluntarily, without good cause, and *364 was therefore barred from receiving benefits under §402(b) (1) of the Unemployment Compensation Law, 43 PS §802(b)(l).
Appellant reported for work on Monday, January 29, 1962 at 7 a.m. and worked until approximately 9:30 a.m., at which time she completed the work as a feller. Upon advising her forelady that she had no further work, the appellant was offered a job as a sleever, sewing sleeves in shirts. She rejected the offer as a sleever because she would be taking work from other girls and they would have it in for her. The sleeving operation was somewhat similar to the felling operation and the appellant had had prior experience as a sleever.
The appellant now contends that she was physically unable to do sleeving because of an arthritic condition in her hands. She did not, however, mention this condition in her signed statement given to the bureau at the time she filed her claim for benefits nor at the time of the referee’s hearing held on March 1, 1962. The doctor’s certificate that the appellant presented at the remand hearing held on April 12, 1962, is dated the previous day, April 11, and was submitted after the bureau and referee denied benefits to the appellant. The board did not give credence to the appellant’s contention that she could not physically perform the work of a sleever. Her attitude and frame of mind toward the job she voluntarily left is contained in her following statement: “My point is I can’t see why I should go and take a girl’s machine and her job that he laid off Friday evening. If he wanted me to sleeve why didn’t he let the girl be laid off Friday evening come in and sleeve.”
The question of credibility was decided against the appellant by the board and its decision on this point is controlling upon us: Ristis Unemployment Compensation Case, 178 Pa. Superior Ct. 400, 403, 116 A. 2d *365 271; Progress Mfg. Co., Inc. v. Unemployment Compensation Board of Review, 406 Pa. 163, 176 A. 2d 632.
Decision affirmed.